DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ILLIANA GRIGORIOU,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0724

[January 8, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 23-001103CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The state originally charged the defendant by information with one count of writing threats to kill or to do bodily injury, in violation of section 836.10(2), Florida Statutes (2022). Section 836.10(2) pertinently provides:

> It is unlawful for any person to send, post, or transmit, or procure the sending, posting, or transmission of, a writing or other record, including an electronic record, in any manner in which it may be viewed by another person, when in such writing or record the person makes a threat to: ... [k]ill or to do bodily harm to another person[.]

§ 836.10(2), Fla. Stat. (2022). The charge arose out of several texts which the defendant had sent to the victim over the course of a day.

The defendant filed a motion to dismiss, arguing section 836.10 is unconstitutional both facially and as applied to the defendant's conduct as charged. After the circuit court denied the defendant's motion, the state

and the defendant agreed upon the defendant entering a no contest plea to a reduced charge of misdemeanor assault, while reserving her right to appeal the denial of her dispositive motion to dismiss the section 836.10(2) charge.  That reservation led to this appeal.

We affirm the circuit court's denial of the defendant's motion to dismiss. *See B.W.B. v. State*, 374 So. 3d 40, 46 (Fla. 4th DCA 2023) ("We hold section 836.10 is not overbroad.  This is because section 836.10 has a limited objective—to punish [written or electronic] 'threats' of violence sent[, e.g.,] through electronic social media.  Because section 836.10 deals only with 'threats' to commit a violent act, it does not violate … First Amendment rights.") (internal citation omitted); *Puy v. State*, 294 So. 3d 930, 934 (Fla. 4th DCA 2020) ("Because there was a question of material fact to be decided by the factfinder—whether the posting was a threat under the statute—the trial court correctly denied appellant's motion to dismiss."); *Saidi v. State*, 845 So. 2d 1022, 1026 (Fla. 5th DCA 2003) ("[S]ection 836.10 is not vague.").

The defendant's appeal raises a secondary argument that the circuit court erred in partially denying the defendant's Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing errors relating to the imposition of costs.  On this argument, we agree with the state's response that the circuit court properly denied the defendant's rule 3.800(b)(2) motion with the exception of one cost—the $26 cost charged for certain county court traffic cases.  Thus, we reverse the imposition of that cost, and remand for the circuit court to strike that cost.  We affirm the remainder of the circuit court's order partially denying the defendant's rule 3.800(b)(2) motion.

*Affirmed in part, reversed in part, and remanded with directions.*

CONNER and FORST, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***